**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Johnson, | No. CV-20-00308-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Richard Johnson's pro se Motion to Compel Discovery. (Doc. 35.) On February 24, 2022, Plaintiff filed the present motion pursuant to Federal Rules of Civil Procedure 34(b) and 37(a) to compel Defendant Trenton Leigh to respond to Plaintiff's Request for Admissions. (*Id.* at 1.) Defendant filed a response on February 28, 2022. (Doc. 36.)

According to Plaintiff, his Request for Admissions was timely, and Defendant improperly refused to respond because the request was postmarked January 15, 2022. (Doc. 35.) The Request for Admissions was originally dated December 24, 2021 and Plaintiff "had his mother mail out the motion[1] by first class mail, postage prepaid, and addressed to the attorney general's office" in December. (*Id.*; Doc. 35-1.) He attaches a post office receipt, although the receipt itself does not specify the items mailed or the recipients apart from handwritten annotations stating, "Richard Court Papers" and

---

[1] Although Plaintiff refers to it as a motion, the Court understands this to refer to the Request for Admissions based on the context.

"Richard, District Court, and District Court Paul."[2] (Doc. 35-1 at 3.) On January 13, 2022, the mail was returned as undeliverable to Plaintiff. (Doc. 35.) He avers that he then delivered his Request for Admissions to prison officials for mailing on January 14, 2022. (*Id.*) If prison officials had mailed the Request for Admissions on January 14, 2022, Plaintiff contends that it would have been postmarked within the 30-day time frame prior to the discovery completion deadline of February 14, 2022. (*Id.*)

Defendant argues that the Court should deny the motion for failure to comply with LRCiv 7.2(j) because Plaintiff did not attempt to resolve this discovery dispute prior to filing the present motion. (Doc. 36.) Furthermore, Defendant asserts that, in order to have been timely, the Request for Admissions need to be mailed by January 11, 2022, not January 14, 2022. (Doc. 36.) The January 11th cutoff date accounts for three additional days as required by Federal Rules of Civil Procedure 6(d) and 36. (*Id.*) Lastly, Defendant asks the Court to clarify that "Plaintiff's mother may not file materials on his behalf and other inmates are not permitted to write documents on his behalf." (*Id.* at 3.)

The Court finds that Plaintiff made every effort to timely serve the Request for Admissions on Defendant. Federal Rule of Civil Procedure 34 requires parties to serve discovery requests directly on the opposing party and gives the opposing party 30 days to serve a response. Fed. R. Civ. P. 34. Rule 6(d) also permits three additional days for requests served by mail. Fed. R. Civ. P. 6. Moreover, Local Rule 7.2(j) reads:

> No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions.

LRCiv 7.2(j).

Although the attached receipt does not specify what items were mailed in December, it is likely that the Request for Admissions was mistakenly returned

---

[2] According to Defendant, Plaintiff has erroneously sent requests to Paul Carter, an attorney at the Arizona Attorney General's Office but unrelated to this case. (Doc. 36.)

- 2 -

undeliverable, at which point, Plaintiff took immediate action to have it mailed to Defendant. Furthermore, the Court will assume that sufficient effort was made to resolve this issue prior to the filing of this motion given that Plaintiff is an incarcerated pro se litigant and received the subsequent letter from Defendant in which Defendant clarified "we will not be responding to the requests for admission, as they are not effective." (Doc. 35-1 at 1.)

Defendant does not offer any substantive objections to Plaintiff's Request for Admissions other than its timeliness. Accordingly, the Court will grant the motion. Defendant shall respond to Plaintiff's December 24, 2021 Request for Admissions within 33 days of the date of this Order, providing the period of time that Defendant would have received had the request been mailed properly in December. Per the Court's Scheduling Order, the deadline for any additional discovery has now passed. (Doc. 24.)

Moreover, the Court does not have sufficient information to determine the extent to which Plaintiff has engaged other individuals to assist him with this litigation, so the Court will not admonish Plaintiff based on the possibility that he has received transcription or other assistance. The only reminder the Court will issue is that, as the party of record in this matter, only Plaintiff may sign and file pleadings. *See* Fed. R. Civ. P. 11(a). Plaintiff is further advised that "[p]ro se litigants *must* follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (emphasis added). Despite the challenges of incarceration, any further failures to comply with the Federal Rules of Civil Procedure, Local Rules, or orders of this Court could result in dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery is **GRANTED**. (Doc. 35.)

Dated this 17th day of March, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge